Marcus Dewayne GUY, Appellant,

v.

CITY OF OKLAHOMA CITY, Appellee.

No. M–87–539.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1988.

As Corrected Sept. 15, 1988.

MARCUS DEWAYNE GUY, appellant,

Travis Smith, Paula M. Henderson, Legal Aid of Western Oklahoma, Inc., Oklahoma City, for appellant.

Robert D. Allen, Mun. Counselor, Sarah C. Spencer, Asst. Mun. Counselor, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Marcus Dewayne Guy, appellant, pled guilty to Driving Under the Influence of Intoxicating Liquor, Case No. 86–1229104, in the Municipal Criminal Court of Record of Oklahoma City, the Honorable Patrick O. Delaney, Municipal Court Judge, presiding. The court sentenced appellant to pay a fine of Three Hundred ($300) Dollars plus costs. We reverse and remand for a resentencing hearing.

Appellant pled guilty to Driving Under the Influence of Intoxicating Liquor (DUI) on September 2, 1986, and, with the consent of appellant, the city attorney, and the municipal judge, was admitted into the continued sentence program. This program is unique to municipal court and is authorized both by statute and by city ordinance. *See* 11 O.S.1981, § 28–123(C). *See* Oklahoma

City, Ok., Rev. Ordinances, Code § 33–44(a)(3) (1980). *See also* Note, *Municipal Corporations: A Recommended Procedure for "Accelerating" or "Revoking" Continued Sentences,* 34 Okla.L.Rev. 152, 153 (1981).

Under the Oklahoma City continued sentence program, the custom in municipal criminal courts of record is the accused pleads guilty to the charged offense of DUI and, pursuant to a plea agreement with the city attorney, the defendant's sentencing is continued for up to six months, during which time the defendant is required to satisfy certain substantive conditions. Among those substantive conditions to which appellant agreed were, *inter alia,* he would not violate any law, would not consume or possess any intoxicants, would report for weekly counseling, would report to municipal court for sentencing on March 3, 1987, and would "be prepared on the final sentencing date to pay a fine of $100 and costs of $25." The municipal judge approved the plea agreement and the conditions imposed.

Under the standard practice in the Oklahoma City municipal criminal court of record, when the defendant satisfies the conditions of the continued sentence and appears on the sentencing date, he is permitted to withdraw his guilty plea to the offense of DUI, the city attorney amends the charge to the lesser offense of Driving While Impaired (DWI), and the defendant then pleads guilty to the lesser offense and is sentenced accordingly. The "City concurs with Petitioner's [sic] description of the procedure routinely used in the Municipal Court of Record in Oklahoma City." *Brief of Appellee,* at 1.

DUI is punishable by "fine and costs not to exceed five hundred dollars ($500) or imprisonment not to exceed ninety (90) days, or by both such fine or imprisonment." Oklahoma City Municipal Code § 32–7. Conviction of DUI in municipal court could result in a minimum six months revocation of the privilege to drive under 47 O.S.1981, §§ 6–205 and 6–208(b), and

can also form a predicate for filing a subsequent DUI as a felony in the district court under 47 O.S.1981, § 11–902(C).

On the other hand, DWI is punishable by "fine and costs not to exceed three hundred dollars ($300)." For second or subsequent offenses, the punishment is the same as for DUI. Oklahoma City Municipal Code § 32–8. A first conviction for DWI carries no loss of license and forms no predicate for a subsequent DWI to be filed as a felony under 47 O.S.1981, § 11–902(C). Thus, the benefits to be gained by receiving a DWI conviction rather than a DUI conviction are substantial. *Brief of Appellant,* at 5–9.

Appellant is an indigent and was represented by Legal Aid of Western Oklahoma, Inc. (LAWO) in the municipal court and again on appeal. Appellant appeared on the appointed sentencing date and announced he was unable to pay the fine and costs and requested a continuance to obtain the necessary funds. The court granted the continuance until March 31, 1987. On the designated sentencing date, appellant appeared with counsel and announced he was still unable to pay the fine and costs. The municipal court found payment of the fine and costs to be a condition of the continued sentence, and by not having the funds to pay the fine and costs on the sentencing date, appellant had not successfully completed the program. Whereupon the municipal court sentenced appellant in accordance with his plea of guilty to DUI, imposed a fine of $300 and costs, and granted appellant time until April 30, 1987, to pay the fine and costs. From this final judgment and sentence appellant appeals.

■ Appellant's three assignments of error are grounded on the characterization that his sentence was accelerated on March 31. He argues denial of procedural due process because his sentence was accelerated without notice and a hearing and without proof that he willfully refused to pay the fine and costs despite his ability to pay. The City counters there was no acceleration of sentence and that appellant cannot

raise the question of procedural due process on that ground. We are compelled to agree with the City. Appellant was scheduled to appear for sentencing on a date certain and did so. The municipal court did not accelerate appellant's sentence. Nor did granting appellant's request for a continuance divest the court of jurisdiction to sentence him on March 31. What occurred on that date is properly characterized as a refusal to give appellant the benefit of his bargain because he had not met one of the conditions of his continued sentence, i.e., that he appear with the funds to pay the fine and costs. Appellant's assignments of error of deprivation of procedural due process on the grounds of an accelerated sentencing procedure are, therefore, inapplicable. But this finding does not end our inquiry. We must consider the further question whether the municipal court denied appellant the benefit of his bargain for a constitutionally impermissible reason. We answer in the affirmative.

We begin by delineating the scope of our review. Guilt or innocence is not at issue here. Appellant pled guilty to DUI and does not challenge that plea. Appellant does not contend, nor could he contend, that his poverty immunizes him from punishment. The City has a fundamental interest in appropriately punishing persons—rich or poor—who violate its criminal laws and appellant's poverty in no way immunizes him from punishment. *Bearden v. Georgia*, 461 U.S. 660, 669, 103 S.Ct. 2064, 2071, 76 L.Ed.2d 221 (1983). Nor does appellant contend that he has a right to participate in the continued sentence program, for enrollment in that program is a matter of grace, not of right. Moreover, it is within the municipal judge's discretion whether he permits the city attorney to amend the charge of DUI to the lesser offense of DWI. *See* 11 O.S.1981, § 28–123(C).

■ The gravamen of appellant's complaint is that once he was enrolled into the continued sentence program and successfully completed the conditions imposed, he was denied the benefit of his bargain because of poverty. It has been a well established principle for over thirty years that "[i]n criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color. Plainly the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial." *Griffin v. Illinois*, 351 U.S. 12, 17–18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Just as there can be no equal justice when the kind of trial a defendant gets depends on the amount of money he has, *id.*, at 19, 76 S.Ct. at 591, it logically follows that the severity of the sentence imposed should not be predicated upon the defendant's ability, or inability, to pay a fine on the sentencing date. No less stringent principles should apply to a political subdivision of the state, which derives its power to punish criminal behavior from the authority of the state, than should apply to the state itself.

We analyze the fairness of the relations between the criminal defendant and the state or municipality under the Due Process Clause, while we approach the question whether the state or the municipality has invidiously denied one class of defendants a substantial benefit available to another class of defendants under the Equal Protection Clause. *Bearden*, 461 U.S. at 665, 103 S.Ct. at 2069. U.S. Const. amend. XIV, § 1.

Once a defendant is enrolled in the continued sentence program and successfully completes the terms thereof, to deny him the benefit of his bargain by refusing to reduce the charge from DUI to DWI merely because of inability to pay the fine and costs, through no fault of his own, is fundamentally unfair and violates substantive due process.

Moreover, the practice of denying indigents the benefit of their bargain, while granting those with the financial ability to pay the fine the right to withdraw their guilty plea to the greater offense and then

plead guilty to the lesser offense, invidiously denies one class of defendants a substantial benefit which is available to another class of defendants. This disparity in sentencing based upon ability to pay is one of the evils the Equal Protection Clause prohibits.

Finally, while we are not unmindful that the continued sentence program is commendable, it is subject to arbitrary and capricious application. "Though the [conditioned sentence program] itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." *Yick Wo v. Hopkins,* 118 U.S. 356, 374, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886). The record before us reflects the municipal court applied an inappropriate standard but does not, without more, reflect that the court acted arbitrarily or capriciously in denying appellant the benefit of his bargain.

In summary, we find that participation in the continued sentence program is a matter of grace, not of right, but once admitted to the program and upon successful completion of the conditions imposed, a defendant's ability to pay the fine and costs on sentencing date bears no rational relationship to the severity of the sentence imposed. An indigent's inability to pay due to no fault of his own cannot be used to deny him the benefit of his bargain. Such a practice is both fundamentally unfair and invidiously discriminates on the basis of poverty.

Inasmuch as appellant relies on the federal constitution and Supreme Court cases construing the Due Process and Equal Protection clauses of the Fourteenth Amendment, we have resolved this appeal using those authorities. We note, however, that the same result would have been reached under the state constitution and cases construing Article II, §§ 2, 6, had appellant raised those grounds. *See McGee v. City of Oklahoma City,* 761 P.2d 863 (Okla. Crim.App.1988).

The record fails to reflect the municipal court made findings of fact and conclusions of law whether appellant satisfied the other substantive conditions of his continued sentence. We remand the case to the municipal court for a resentencing hearing. If the court finds appellant violated any of the substantive conditions of his continued sentence, or that his failure to pay was willful or neglectful despite ability to pay, the court may exercise its discretion and sentence appellant in accordance with his guilty plea to DUI. If, on the other hand, the court finds appellant satisfied the substantive conditions imposed and his inability to pay resulted from no fault of his own, the court is instructed to give appellant the benefit of his bargain and sentence him accordingly. The court should also determine whether appellant can satisfy the payment of fine and costs by making installment payments. *See* Title 22, Ch. 18, App. Rule 8.3 (Supp.1984). The court is additionally instructed to make a record for appellate review of this hearing, costs to the city if appellant's status is still one of indigency at the time of the hearing.

The judgment and sentence is REVERSED and REMANDED for further proceedings consistent with the views expressed herein.

BRETT, P.J., concurs.

BUSSEY, J., not participating.